UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| MEMORIS PITTER GREEN, | |
|---|---|
| Plaintiff, | |
| -against- | 15-CV-3328-LTS |
| NYU LANGONE MEDICAL CENTER, | |
| Defendants. | |

<u>M</u>EMORANDUM <u>O</u>RDER

In this action against the NYU Langone Medical Center ("Defendant"), plaintiff Memoris Pitter Green ("Plaintiff"), asserts claims under 42 U.S.C. sections 1981 ("section 1981") and 2000e <u>et</u> <u>seq.</u> ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") for discrimination based on her race arising from her treatment during, and her termination from, her employment as a phlebotomist at Defendant's Outpatient Laboratory ("OPL"). (Docket entry no. 1, ("Complaint").) Defendant has moved for summary judgment. (Docket entry no. 56.) The Court has original jurisdiction of Plaintiff's federal claims pursuant to 42 U.S.C. section 2000e-5(f)(3), 28 U.S.C. sections 1331 and 1343, and supplemental jurisdiction of Plaintiff's state and local law claims pursuant to 28 U.S.C. section 1367.

The Court has considered the submissions of the parties carefully and, for the reasons set forth below, grants Defendant's motion to the extent that Plaintiff's federal claims are dismissed in their entirety. The Court declines to exercise jurisdiction of Plaintiff's state and local law claims.

## BACKGROUND[1]

Plaintiff asserts claims alleging race discrimination and retaliation based on her August 6, 2010, termination from her job as a phlebotomist for Defendant. (Complaint; Docket entry no. 71, Ex. A, at 95:13.) Plaintiff was reinstated to that job following a grievance proceeding but was not compensated for the time between the termination and the reinstatement. (Docket entry no. 63, ("Delts Decl."), Ex. D; Docket entry no. 71, Ex. A, at 161:22-23.) Plaintiff also alleges that she was subjected to a hostile work environment, citing events occurring before her August 6, 2010, termination, and her treatment when she returned to work at the OPL on November 8, 2010, after her reinstatement, upon which date her supervisor made her sit in the pantry the entire day, "like a new person." (Complaint; Docket entry no. 71, Ex. A, at 143:15-22.) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 17, 2012, (Delts Decl., Ex. F), and filed her complaint in this Court on April 29, 2015. Green v. NYU Langone Medical Center., No. 15-CIV-03328-LTS.

## DISCUSSION

The pending motion is brought pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. Under Rule 56(a), summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a material issue of fact, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52 (1986), and the court

---

[1] The facts recited herein are drawn from the parties' submissions and are undisputed unless otherwise indicated.

must be able to find that, "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." Marvel Entm't, Inc. v. Kellytoy (USA), Inc., 769 F. Supp. 2d 520, 523 (S.D.N.Y. 2011) (quoting Heublein v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993)). A fact is considered material "if it might affect the outcome of the suit under the governing law," and an issue of fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (internal quotation marks and citations omitted). "[M]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010) (quoting Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995)).

Defendant argues, and Plaintiff does not dispute, that Plaintiff's federal claims are barred by the applicable statutes of limitations. (Docket entry no. 70, at 20.) Under Title VII, "a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter." Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). Ordinarily, discrimination claims under this title must be filed within 180 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1). However, where the "alleged discrimination took place in a state or locality that has its own antidiscrimination laws and an agency to enforce those laws, then the time period for 'fil[ing]' claims with the EEOC is extended to 300 days." Ford v. Bernard Fineson Dev. Ctr., 81 F.3d at 307 (noting that New York has both antidiscrimination laws and an antidiscrimination agency) (internal citation omitted); 42 U.S.C. § 2000e-5(e)(1). "Where the plaintiff complains of discrete discriminatory or retaliatory acts such as termination . . . such claims are not actionable if they occurred prior to the 300-day period . . ." Davis-Garett v. Urban Outfitters, Inc., 921 F.3d 30, 42

(2d Cir. 2019) (internal citation omitted).  Similarly, a hostile work environment claim is not actionable if every act that underlies the claim occurred prior to the 300-day period.  Id.

Here, Plaintiff's employment was terminated on August 6, 2010 (docket entry no. 71, Ex. A, at 95:13), and the last act upon which Plaintiff bases her hostile work environment claim occurred on November 8, 2010.  (Id. at 143:15-22.)  Accordingly, Plaintiff had until June 2, 2011, and September 4, 2011, to file a charge with the EEOC regarding her discrimination and retaliation claims and her hostile work environment claim, respectively.  However, Plaintiff filed her charge with the EEOC on April 17, 2012, well beyond 300 days after both her termination and her return to the OPL.  (Delts Decl., Ex. F.)  Therefore, Plaintiff's claims under Title VII are barred by the statute of limitations and Defendant is entitled to dismissal of those claims as a matter of law.

The statute of limitations for a claim under 42 U.S.C. section 1981 is four years. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383 (1975); Thomas v. Connecticut Dept. of Corrections, No. 14-CIV-714 (DJS), 2015 WL 3970833, at *4 (D. Conn. June 30, 2015). Plaintiff had until November 8, 2014, to file her complaint in this Court (four years after her return to the OPL and the last specified act underlying her hostile work environment claim). (Docket entry no. 71, Ex. A, at 143:15-22.)  However, Plaintiff filed her complaint in this matter on April 29, 2015.  See Green v. NYU Langone Medical Center., No. 15-CIV-03328-LTS. Accordingly, Plaintiff's claim under section 1981 is barred by the statute of limitations and Defendant is entitled to dismissal of that claim as a matter of law.

Having dismissed all of the claims of which this Court has original jurisdiction, the Court must determine whether to exercise supplemental jurisdiction of the remaining claims,

which are asserted under the NYSHRL and the NYCHRL.[2] The Court has discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. section 1367(a), see Gibbs, 383 U.S. at 726, but

> may decline to exercise supplemental jurisdiction of a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.S. § 1367(c) (Westlaw Pub. L. 117-11). In exercising its discretion, the Court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction . . ." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 484 U.S. at 350 n.7. "Failure to dismiss a pendant claim after dismissing a federal claim 'may be an abuse of the district court's discretion.'" Raucci v. Town of Rotterdam, 902 F.2d 1050, 1054 (2d Cir. 1990) (quoting Robinson v. Via, 821 F.2d 913, 925 (2d Cir. 1987)).

---

[2] Defendant takes no position regarding Plaintiff's request that the Court exercise supplemental jurisdiction. (Docket entry no. 73, at n.3.) However, the question of whether to exercise supplemental jurisdiction is one of the Court's "discretion, not of Plaintiff's right." TPTCC NY, Inc. v. Radiation Therapy Services, Inc., 453 Fed. App'x 105, 106 (2d Cir. 2011) (holding district court abused its discretion when it exercised supplemental jurisdiction of state-law claims after all claims of which it had original jurisdiction were dismissed) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)).

Here, the federal claims of which the Court has original jurisdiction have all been dismissed; only issues of state and local law remain to be analyzed on the merits. The state and local laws governing Plaintiff's claims differ, see Mihalik v. Credit Agricole Cheuvreux North American, Inc., 715 F.3d 102, 108-109 (2d Cir. 2013) (holding that the NYCHRL is no longer coextensive with its state and federal counterparts, and must be analyzed independently of the state and federal claims, which are generally analyzed under identical standards), and this Court brings no special expertise to the analysis of the "uniquely broad and remedial purposes" of the NYCHRL. Kellman v. Metro Transp. Auth., 8 F. Supp. 3d 351 390 (2d Cir. 2014) (citation omitted). Accordingly, two of the statutory circumstances under which the Court may decline to exercise supplemental jurisdiction are present: all of the federal claims of which the Court has original jurisdiction have been dismissed and the state and local law claims substantially predominate over the federal claims. As no independent ground of jurisdiction exists, the Court declines to exercise supplemental jurisdiction of the remaining state and local law claims. See Dhar v. New York City Dep't of Transp., 630 Fed. App'x 14 (2d Cir. 2015) (concluding that the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction of NYCHRL claims after properly dismissing all federal and NYSHRL claims); Johnson v. IAC/Interactive Corp., 2 F. Supp. 3d 504 (S.D.N.Y. 2014) (declining to exercise supplemental jurisdiction of NYCHRL claims after dismissing all federal claims).

CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted to the extent that Plaintiff's federal claims are dismissed in their entirety, and the Court declines to exercise jurisdiction of Plaintiff's state and local law claims. This Memorandum Order resolves docket entry number 56.

The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
May 12, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge